846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FORTEL CORPORATION, Plaintiff-Appellant,
v.
PHONE-MATE, INC., Defendant-Appellee.
 No. 87-1595.
 United States Court of Appeals, Federal Circuit.
 March 30, 1988.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Fortel Corporation (Fortel) appeals from the July 29, 1987, judgment of the United States District Court for the Central District of California, 5 USPQ2d 1081 (C.D.Cal.1987), granting Phone-Mate's motion for summary judgment that claim 1 of Fortel's patent No. 3,903,369 ('369) for "Telephone Answering System with Remote Playback" is invalid for anticipation under 35 USC 102(e) and that claims 2 and 3 are invalid for obviousness under 35 USC 103. We reverse and remand.
 
 OPINION
 
 2
 The parties dispute whether the "third" and "fourth" circuit means recited in claim 1 are disclosed in patent No. 3,894,188 to Konno. This issue turns solely on claim interpretation, there being no dispute as to any genuine issue of material fact.
 
 
 3
 Claim 1 recites "third circuit means coupled to said message storage means for introducing clock pulses to said up-down counter when said message storage means is activated." The '369 patent specification shows a microswitch mechanically coupled to the message tape transport that opens and closes for each revolution of the tape feed reel. The microswitch is electrically connected to a resistor which in turn is connected to a grounded capacitor and a Schmitt trigger. The Schmitt trigger supplies clock pulses to an electronic counter in response to the closing of the microswitch. The clock pulses cause the counter to count either forward or backward depending on the state of the up-down control signal.
 
 
 4
 In Konno, the shaft of the tape drive is mechanically coupled to a pair of mechanical counters. The direction of counting, either forward or backward, depends on the direction of rotation of the tape drive shaft. Each counter includes a mechanically actuated two-position switch. Apparently, the switch is in one position whenever the counter is counting backward from 0000 and remains in that position when the direction of counting is reversed. The switch then changes position when the counter passes through 0000 as it counts forward and remains in that state as long as the counter is counting above 0000. The switches in turn are connected to relays which control the operation of the answering machine including the direction of the tape drive.
 
 
 5
 The district court found that all limitations of the "third circuit means" are met by Konno:
 
 
 6
 The limitations of the third circuit means reads [sic] on the insides of the counters of Figure 3 [3a and 3b?] of the Konno Reference. The counters are circuit means. They provide clock pulses. And, they are coupled to the message tape.
 
 
 7
 5 USPQ2d at 1082. The court relied in part on the deposition testimony of Fortel's expert in which he was questioned on the internal workings of mechanical counters. He testified that mechanical counters are made of a series of wheels mechanically coupled to each other. As one wheel completes a full rotation, it causes the next wheel to rotate one-tenth of a turn. Fortel's expert admitted that the coupling between wheels could be referred to as a "pulse" in the sense that one wheel would "provide a mechanical pulse" to the next wheel.
 
 
 8
 For Konno to "anticipate" claim 1 under Sec. 102, however, the "third circuit means" clause in the claim must literally read on the prior art disclosure. See Lewmar Marine, Inc. v. Barient, Inc., 827 F.2d 744, 3 USPQ2d 1766 (Fed.Cir.1987), cert. denied, 108 S.Ct. 702 (1988). That is, there must be a "circuit means coupled to said message storage means" and that means must perform the function of "introducing clock pulses to said up-down counter." The district court found that because the counters in Konno have switches, they are "circuit means" and that the counters are "coupled to the message tape." We cannot agree, however, that these "circuit means," if they be such, also provide "clock pulses" to the counter.
 
 
 9
 The "clock pulses" in the specification are electrical pulses. Claim 1 does not specifically state that the "clock pulses" are electrical pulses because it is unnecessary.[1] The specification speaks only in terms of "clock pulses," it being understood in the context of an electrical circuit that the pulses are electrical.
 
 
 10
 The district court's interpretation of the term "clock pulses" to read on the "insides," as it called them, of Konno's mechanical counters is an unwarranted stretch of the claim language. In determining the validity of claims of an issued patent, the claims must be construed to uphold their validity, if possible. Lewmar Marine, 827 F.2d at 749, 3 USPQ2d at 1770.[2] Here, the court has done the opposite, reading the term "clock pulses" much more broadly than it is used in the specification to hold the claim invalid. Although Fortel's expert testified that a mechanical counter could be said to generate an internal "pulse," he was not interpreting the term "clock pulse" as used in the claim. That is the issue here, not whether, for want of a better term, the coupling of the wheels in a mechanical counter could also be called a "pulse." Because Konno does not disclose any means "for introducing clock pulses" to the counter, we reverse the district court's holding that claim 1 is invalid for anticipation under Sec. 102(e).
 
 
 11
 The district court's additional holding that dependent claims 2 and 3 are invalid under Sec. 103 is based in part on the court's erroneous interpretation of claim 1, from which they depend, and its finding that the Konno patent shows all of the limitations recited in that claim. Accordingly, we reverse the holding of invalidity as to claims 2 and 3 as well.[3]
 
 
 
 [1]
 Phone-Mate misrepresents Fortel's answer to Request No. 89 in its Requests for Admission. Phone-Mate says that Fortel admitted that "claim 1 does not require electrical clock pulses" (emphasis in original). What Fortel admitted was that claim 1 "does not state that the pulses produced by the third circuit means are electrical pulses" (emphasis ours)
 
 
 [2]
 The district court was clearly influenced by the examiner's rejection of the claims on reexamination which may have led to its erroneous interpretation of claim 1. The court specifically noted that "[t]he Patent Office [sic] agrees that the counters show the third circuit means" and gave "the Patent Office's expert opinion weight." 5 USPQ2d at 1082, 1084. First, although the examiner gave a final rejection of the claims, Fortel appealed to the Patent and Trademark Office (PTO) Board of Appeals and the rejection could be reversed. Second, in a reexamination proceeding, claims are not construed in the same way as in an infringement suit. In proceedings before the PTO, including reexamination, claims are given their broadest reasonable interpretation consistent with the specification. In re Yamamoto, 740 F.2d 1569, 1571, 222 USPQ 934, 936 (Fed.Cir.1984)
 
 
 [3]
 We note that on reexamination, the examiner rejected all claims including claim 1 under Sec. 103 as unpatentable over Konno considered with patent No. 3,395,401 to Silverman. According to the examiner's final rejection, "The Silverman reference teaches 'electronic' counters and circuit elements to generate 'electronic' clock pulses." The district court, however, did not consider Silverman, and it is not before us on this appeal. Thus, we express no views on whether the subject matter of claims 1-3 would have been obvious in view of Konno and Silverman